UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Michael Bragg, # 15432, | C/A No. 2:11-CV-0961-MBS-BHH |
| Plaintiff, | |
| vs. | **Report and Recommendation for** ***Partial*** **Summary Dismissal** |
| Henry Dargan McMaster, *South Carolina Attorney General*; | |
| Greg Mullen, *Chief, Charleston Police Department, in their Individual Capacities and/or in their Official Capacities*, | |
| Defendants. | |

## *Background of this Case*

Plaintiff is a detainee at the Charleston County Detention Center. He has brought suit against the former Attorney General of South Carolina and the Chief of the City of Charleston Police Department. This civil rights action arises out of Plaintiff's arrest on February 5, 2010, for possession of heroin. Plaintiff indicates that he learned in April 2011 about the dismissal of that charge. Plaintiff contends that the Defendants or their "Agents" violated his constitutional rights. Plaintiff seeks actual damages of one hundred dollars for each day of confinement, compensatory damages of three million dollars, punitive damages of five million dollars, and a jury trial. In a separately-filed order, the undersigned is authorizing service of process upon Defendant Greg Mullen.

1

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Even when considered under this less stringent standard, however, the § 1983 Complaint is subject to *partial* summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff states that he has named former Attorney General McMaster as a defendant because the Attorney General of South Carolina must be served with all pleadings: "Defendant McMaster is named because Any Potential Civil Suit (State or Federal) against the State or Governmental Entity or agency must be Served on the Attorney General." (Complaint [ECF No. 1], at page 4). Attorney General McMaster is entitled to summary dismissal because the doctrine of *respondeat superior* is not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 928-29 (4th Cir. 1977). Moreover, former Attorney General McMaster was not even in a "supervisory" position over the City of Charleston Police Department. *Cf. Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990); and *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss Attorney General Henry Dargan McMaster from the above-captioned case *without prejudice* and without issuance and service of process.

Plaintiff's attention is directed to the important Notice on the next page.

s/Bruce Howe Hendricks  
United States Magistrate Judge

April 27, 2011  
Charleston, South Carolina

3

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).