IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daniel Michael Bragg, #15432, ) | |
| ) | CIVIL ACTION NO. 2:11-0961-MBS-BM |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Greg Mullen, Chief Charleston Police ) | |
| Department, in his individual capacity ) | |
| and/or his official capacity, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action has been filed by the Plaintiff, <u>pro se</u>, pursuant to 42 U.S.C. § 1983. Plaintiff, who was a detainee at the Charleston County Detention Center at the time this action was filed, alleges violations of his constitutional rights by the named Defendant.

On June 3, 2009, an Order was mailed to the Plaintiff. However, Plaintiff's copy of the Court's Order was returned to the Clerk of Court on June 8, 2011, with the envelope being marked "OOJ" (out of jail).

The Court notes that when Plaintiff filed this action, he was specifically instructed as follows:

> You are ordered to always keep the Clerk of Court advised **in writing...**if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If as a result of your failure to comply with this order, you fail to file something you are required to file within a deadline set by this Court, <u>your case may be dismissed for violating this order</u>. Therefore, if you have a change of address before this case has ended, you must comply with this order by immediately advising the Clerk of Court in writing of such change of address....**Your failure to do so will not be excused by the**



**Court.** (emphasis added)

See Order filed April 27, 2011.

Plaintiff has failed to comply with this order, and as a result neither the Court nor the Defendant have any means of contacting him concerning his case.

Based on the foregoing, and the previous instructions and specific warning given to the Plaintiff in the Court's order of April 27, 2011, it is recommended that this action be **dismissed**, **with prejudice**, in accordance with Rule 41(b), Fed.R.Civ.P.

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address. If the Plaintiff notifies the Court within the time set forth for filing objections to this Report and Recommendation that he wishes to continue with this case and provides a current address, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** If, however, no objections are filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition.

The parties are also referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 10, 2011

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 395
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

